UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINTON PARKS, Individually,

    Plaintiff,

v.                           Case No: 2:20-cv-188-FtM-38NPM

BRE/SANIBEL INN OWNER L.L.C.,

    Defendant.
_____

CLINTON PARKS, Individually,

    Plaintiff,

v.                           Case No: 2:20-cv-190-FtM-29NPM

BRE/SONG OF THE SEA OWNER L.L.C.,

    Defendant.
_____

CLINTON PARKS,

    Plaintiff,

v.                           Case No: 2:20-cv-201-FtM-66MRM

BRE/SANIBEL BEACH OWNER, LLC,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. #24) filed on August 27, 2020 in Case No. 2:20-cv-188; plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. #25) filed on August 24, 2020 in Case No. 2:20-cv-190; and plaintiff's Verified Corrected Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (With Exhibits) (Doc. #28) filed on August 26, 2020 filed in Case No. 2:20-cv-201.[1]  Defendants filed a Memorandum of Law in Opposition (Docs. #25, #26, #29, respectively) on September 8, 2020, in all three cases.

In the first case (2:20-cv-188), plaintiff seeks $6,090.00 for attorney's fees, and paralegal fees of $103.50.  In the second case (2:20-cv-190), plaintiff seeks $9,030.00 for attorney's fees, and paralegal fees of $115.  In the third case (2:20-cv-201), plaintiff seeks $9,450.00 in attorney's fees and $184.00 for paralegal fees.  In all three cases, plaintiff seeks an hourly rate of $420 an hour for attorney fees and an hourly rate of $115

---

[1] As the fees were incurred contemporaneously in each of the three cases by the same counsel under similar circumstances, the undersigned is addressing the motions in all three cases with the consent of the other district judges.

an hour for paralegal fees.  For the reasons set forth below, the applications are granted in part and denied in part.

> **I.   Procedural History**

On March 19 and 20, 2020, plaintiff Clinton Parks, an individual with disabilities, filed a Complaint (Doc. #1) against each of the defendants: Bre/Sanibel Inn Owner LLC d/b/a Sanibel Inn, Bre/Song of the Sea Owner, LLC d/b/a as Song of the Sea, and Bre/Sanibel Beach Owner, LLC d/b/a as Sanibel Sunset Beach Resort or Inn, LLC, all places of lodging in the Fort Myers Division (Lee County, Florida).  Each property maintains an online reservation service, or uses a third party to do so, which allows members of the public to make reservations at the property.  The Complaints allege that defendants violated Title III of the Americans with Disabilities Act (ADA) by failing to identify accessible rooms or provide information as to whether the rooms or features at the hotel are accessible.  Defendants filed Answers and Affirmative Defenses (Docs. #11, #10, #8, respectively).  On July 20, 2020, defendants notified the Court in each of the three cases that a settlement had been reached.  Thereafter, in August 2020, plaintiff's counsel filed Stipulations for Approval of Consent Decree and Dismissal of Case With Prejudice in each of the three cases.  The assigned district judges approved the Consent Decree in each of the three cases, retained jurisdiction over enforcement

of the Consent Decrees, and directed the entry of judgment. Judgment has been entered, and the cases are otherwise closed. The issue of reasonable attorney's fees, costs, and expenses was not addressed, and plaintiff filed a motion for same in each of the three cases.

## II. Entitlement to Fees, Costs, and Expenses

The relevant statute provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. The parties agree that plaintiff is the prevailing party in each action and is entitled to recover "reasonable" attorney's fees, costs, and litigation expenses. The determination of that reasonable amount was left to the Court.

## III. Amount of Reasonable Attorney Fees

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees must submit adequate documentation of hours and rates, or the requested award may be reduced. Id.

**A. Hourly Rate**

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The prevailing market is the Fort Myers Division of the Middle District of Florida, where the case was filed. ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).

Plaintiff seeks an hourly rate of $420 per hour for attorney Philip Michael Cullen III. Mr. Cullen has been a solo practitioner since 1980, practicing general civil litigation in state and federal courts with an emphasis on labor and employment law. Mr. Cullen has been counsel of record in "literally hundreds of Title III cases throughout Florida, Georgia, Texas, and Puerto Rico." (Motion, p. 5.) Mr. Cullen argues that Title III ADA cases require familiarity with issues regarding entitlement to injunctive relief, Article III standing, barriers to access, exemptions, new construction, whether remedial measures are 'readily achievable', and relevant accessibility guidelines and other guides. (Motion, pp. 6-7.) Counsel argues that the Southern District has determined that $420 per hour is a reasonable fee for his services,

- 5 -

and the Southern District of Georgia has awarded counsel $400 per hour in an ADA website case.  Counsel also argues that attorneys Denise Wright and Richard Harrison, who defend ADA cases, charge between $400 and $410 an hour, and attorney Daniel R. Levine charges $450 an hour.  (Motion, pp. 9-10.)

In response, defendants argue that Mr. Cullen's rate should be $300 an hour as the customary hourly rate in the Middle District of Florida in cases like this.  (Motion, p. 13, 14, or 15, respectively.)  Defendants argue that the cases cited by plaintiff were all unopposed motions or cases in which the defending party failed to contest the requested hourly rate.  Further, defendants argue that there were only one or two cases where the $420 an hour was adopted, and none of the cases were in the Middle District of Florida.  (Id., p. 13.)

Many of the cases on which Mr. Cullen relies are from outside of the Fort Myers Division, which is the applicable market. Therefore, the Affidavit of Daniel R. Levine, a practitioner in Boca Raton with a customary $450 hourly rate; the billing records of Richard A. Harrison, a Tampa practitioner, showing a $400 hourly rate; and the Affidavit of Farrell A. Hochmuth, an attorney admitted in Texas on behalf of Simon Property Group reflecting a $420 hourly rate for co-counsel Brian C. Blair (Motion, Exhs. C, E, F) are not persuasive.

The prevailing hourly rate in the Fort Myers Division for an attorney of Mr. Cullins' experience in this type of case has been $300 per hour in previous years.  See Kennedy v. Radio Road Plaza Invs., LLC, 2:15-cv-630-FTM-29CM, Doc. #35 (M.D. Fla. Jan. 10, 2017); Kennedy v. Three J's L.L.P., No. 2:16-CV-214-FTM-38MRM, 2018 WL 1036989, at *4 (M.D. Fla. Feb. 6, 2018), report and recommendation adopted, 2018 WL 1010838 (M.D. Fla. Feb. 22, 2018); Judy v. Edison Park Plaza Ctr., LLC, 2:18-cv-693-FTM-29UAM, Doc. #27 (M.D. Fla. June 18, 2019).  This is also consistent with other divisions of the Middle District of Florida.  Kennedy v. Sun Coast Motels, Inc., No. 8:18-CV-1688-T-30CPT, 2018 WL 6724759, at *2 (M.D. Fla. Dec. 21, 2018); Kennedy v. Bakrac, Inc., No. 8:18-CV-2796-T-24AEP, 2019 WL 10734511, at *1 (M.D. Fla. Feb. 12, 2019) Cf. Bell v. Mallin, No. 8:17-CV-2001-T-27AAS, 2019 WL 969815, at *2 (M.D. Fla. Feb. 28, 2019) (concluding that $350 is a reasonable hourly rate for ADA litigators, and not $420).  The Court concludes that a current reasonable rate for Mr. Cullen in a Title III ADA case in the Fort Myers Division in 2021 is $315 an hour.

The normal hourly rate for a paralegal has been $95 in the Middle District of Florida.  The Court concludes that a current reasonable rate for a paralegal in a Title III ADA case in the Fort Myers Division is $100.

**B. Reasonable Number of Hours**

The Complaint in each case is nearly identical. Stipulations for the entry of a consent decrees were filed almost simultaneously in all three cases. Mr. Cullen provided a Verification at the end of the listed hours in each case that includes the following statements:

> I certify that I have fully reviewed the time and expense records and removed any duplicate entries and, where this case and the two other cases identified in the motion involved one entry otherwise chargeable to all three cases, I either prorated the amounts or, where that was not possible, for example, where the entry was for 0.1 hours, I charged one account only. The time records are accurate.

(Motion, Exh. B, p. 6.) Nonetheless, the Court's *de novo* review establishes that some of the requested hours should be reduced because it was non-attorney work that was billed, or the hours were excessive given the task at issue or because of a duplication in efforts in all three cases. For example, the Court finds that some of the "review" entries should be eliminated. The case settled before an ADA Fast-Track Scheduling Order could issue that would have stayed discovery, except for responding to the Court's interrogatories and the disclosure of the expert report. The Court will allow some of the discovery entries for this reason, but otherwise eliminate the hours for discovery requests that would not have been permitted during the stay and in light of the swift settlement never would have or never issued. The Court agrees

that the double review of time records is excessive as the work on the case spanned such a short period of time, and that the Court must eliminate some time for "etc." as an inadequate description for billing purposes.

**1. Case 20-cv-188**

Mr. Cullen spent 14.5 hours on this case, with the paralegal spending 0.9 hours on the case. Defendant argues that the attorney hours should be reduced to 6.9 hours, and the paralegal's time should be eliminated entirely. (Doc. #25, p. 10.) More specifically, defendants argue that certain entries are unreasonable, redundant, duplicative, and/or clerical in nature. (Id., pp. 7-10.) This same argument is made and applicable to the motions filed in the other two cases.

The following reductions shall apply to reduce the total amount of hours to 9.7 hours:

| 3/12/2020 | Sought | Allowed |
|---|---|---|
| Review of preliminary report | 0.5 | 0.2 |
| Review websites | 0.9 | 0.3 |
| 3/13/2020 | | |
| Review of PACER re: pending litigation[2] | 0.1 | 0 |

---

[2] Defendants argue that the entries on March 13, 2020, are clerical and should not haven billed by an attorney. Defendants also argue that the entries are identical for each of the three cases. (Doc. #25, pp. 7-8.) The Court finds that the review would have occurred for each separate case as defendant entities are not identical, and therefore the tasks are otherwise reasonable. However, the Court agrees that the entries are clerical and therefore the entries will be reduced to zero.

| | | |
|---|---|---|
| Review of division of corporation's records re: resident agent | 0.2 | 0 |
| Review of county property appraiser's records | 0.2 | 0 |
| Review of DBR records | 0.2 | 0 |
| **3/17/2020** | | |
| Preparation of draft complaint | 1.4 | 1.0 |
| Preparation of summons | 0.2 | 0.1 |
| E-mail to client re: same | 0.1 | 0.1 |
| **3/19/2020** | | |
| Review of executed authorization[3] | 0.1 | 0 |
| Prefiling PACER review | 0.1 | 0 |
| Preparation of cover sheet | 0.2 | 0.2 |
| Review of filed complaint | 0.1 | 0 |
| Review N/judge assignment | 0.1 | 0 |
| Review of issued summons | 0.1 | 0 |
| Preparation of spoliation letter | 0.2 | 0.2 |
| E-mail to process server with instructions | 0.1 | 0.1 |
| Preparation of N/related case | 0.2 | 0.2 |
| Preparation of certificate of interested persons | 0.3 | 0.3 |
| **3/20/2020** | | |
| Review of return of service & calculation of response time[4] | 0.3 | 0.2 |
| **3/25/2020** | | |
| Review of Track Two Order | 0.2 | 0.2 |
| **4/8/2020** | | |
| Review of answer | 0.2 | 0.2 |
| **4/10/2020** | | |
| Review of ADA order | 0.3 | 0.3 |

---

[3] Defendants argue that all entries are unnecessary or clerical and should not be compensable. (Id., p. 8.) The Court agrees that the "executed authorization" is non-specific and should be eliminated, and it is unclear why another PACER review is included. Both will be eliminated. The review entries will also be eliminated.

[4] The Court will reduce this entry as excessive.

| | | |
|---|---|---|
| e-mail to D re: ADA order & retaining counsel | 0.1 | 0.1 |
| **4/11/2020** | | |
| Review of D N/appearance | 0.2 | 0.1 |
| Review of answer[5] | 0.2 | 0 |
| **4/15/2020** | | |
| e-mail to client re: answers to court interrogatories | 0.2 | 0.2 |
| **4/18/2020** | | |
| Review of e-mail from client re: answers to court interrogatories | 0.1 | 0.1 |
| Preparation of draft answers to court interrogatories | 0.5 | 0.5 |
| **5/1/2020** | | |
| Review of signed answers to court interrogatories | 0.1 | 0.1 |
| Preparation of N/filing answers | 0.2 | 0.2 |
| **6/5/2020** | | |
| t/c w/ o/c re: various case issues; e-mail to o/c w/ report | 0.3 | 0.3 |
| **6/8/2020** | | |
| Review of D N/appearance 2 | 0.1 | 0.1 |
| Review of D M/additional time | 0.2 | 0.2 |
| **6/16/2020** | 0.1 | 0.1 |
| Review of N/Judge reassignment | 0.1 | 0.1 |
| **7/10/2020** | | |
| Preparation for & participation in t/c w/ o/c Review of e-mail from o/c re: settlement | 0.1 | 0.1 |
| **7/20/2020** | | |
| Review of D N/settlement[6] | 0.2 | 0.2 |

---

[5] The Court agrees that this entry should be eliminated as duplicative.

[6] Defendants argue that this entry should be reduced as the "document was two sentences long and is filed in nearly every settled case in federal court." (Id., p. 9.) The Court will

- 11 -

| | | |
|---|---|---|
| Review of order closing case | 0.1 | 0.1 |
| **7/27/2020** | | |
| Preparation of draft consent decree & e-mail to o/c re: same[7] | 0.6 | 0.3 |
| **8/5/2020** | | |
| Review of e-mail from o/c re: consent decree; review of consent decree & e-mail to o/c re: same | 0.4 | 0.4 |
| **8/7/2020** | | |
| Review of fully executed consent decree | 0.1 | 0.1 |
| Review of file & e-mail to o/c re: fees (prorated) | 0.2 | 0.2 |
| **8/10/2020** | | |
| Review of e-mail from o/c re: wording of final order | 0.1 | 0.1 |
| Preparation of revised final order | 0.1 | 0.1 |
| Review of stipulation for entry w/ consent decree & proposed order & e-mail to o/c re: same | 0.2 | 0.2 |
| Review of e-mail from o/c approving final documents | 0.1 | 0.1 |
| **8/18/2020** | | |
| Review of final order | 0.1 | 0.1 |
| **8/19/2020**[8] | | 0 |
| **8/20/2020**[9] | | 0 |
| **8/27/2020** | | |
| Preparation of m/Attorney's Fees, etc.[10] | 3.5 | 2.0 |

allow the entry.

[7] Defendants argue that this entry should be reduced to 0.2 because it is a form entered in all three cases. (Id., p. 9.) The Court agrees that the entry should be reduced. It will be reduced in half.

[8] There was no charge for the entries on this date.

[9] There was no charge for the entry on this date.

[10] Defendant argues that the inclusion of "etc." is vague and therefore cannot be addressed as to its reasonableness. Further, that the motion was boilerplate and applied for all three cases

| **TOTAL ATTORNEY TIME:** | 14.5 | 9.7 |
|---|---|---|
|  |  |  |
| **PARALEGAL[11]** | 0.9 | 0.3 |

Applying the reduced hourly rate of $315 per hour to the reduced number of hours (9.7), the Court will award attorney's fees in the amount of $3,055.50, and applying the reduced hourly rate of $100 per hour to the reduced number of hours (0.3), the Court will award paralegal fees in the amount of $30.00.

**2. Case 20-cv-190**

Mr. Cullen spent 21.5 hours on this case, and the paralegal spent 1.0 hours on the case. Defendant argues that the total attorney hours should be reduced to 8.5 hours for various reasons, and that the paralegal time should be eliminated entirely. (Id., p. 11.)

Applying the same reasoning as applied to the first case, the Court will reduce the review of the preliminary report and the review of the website, while eliminating the clerical tasks identified on 3/12/2020, leaving a total of .5 hours for this date. (Doc. #26, p. 7.) The Court will also reduce the hours for

---

and older cases. (Id., pp. 9-10.) The Court agrees that "etc." is an inadequate description for billing purposes, and therefore the entry will be reduced for this reason, and because much of the motion bears a striking similarity to the other two motions.

[11] The paralegal set up the file (0.3), filed the case via CM/ECF (0.3), and collated, scanned, & filed the fees motion (0.3). Collating and scanning, and filing the case electronically are clearly clerical tasks. Therefore, the Court will allow only 0.3 hours.

preparation of the draft complaint to 1.0, and to .1 for preparation of the summons on 3/17/2020. (Id.) For the reasons stated in footnote 3, the Court will eliminate review of executed authorization and prefiling PACER review, and eliminate the two review entries on 3/19/2020, leaving .2 for this date. (Id.) The Court will permit the entries on 3/20/2020, except for the "review of issued summons". The Court agrees that the "review of return of service & calculation of response time" entry is excessive. (Id., p. 8.) It will be reduced to 0.1. In this case, plaintiff filed a motion for default and defendant argues that the motion was a form motion. (Id., p. 8.) The Court will permit the hours worked on the motion and for reviewing the answer and order on the default as reasonable. Counsel asks that the time be reduced for drafting a Joint Scheduling Order as it is the Court's Case Management Report form and only requires filling in dates. The Court agrees that this may be reduced, and the time will be reduced to .7. (Id.) The telephone conference with opposing counsel re: scheduling and consolidation will be permitted as the addition of "etc" in this entry appears to be superfluous. The Court will also permit all entries on 6/15/2020, 6/18/2020, and 6/22/2020 even though discovery would have been stayed by the entry of an ADA Fast Track Scheduling Order, however it was delayed by the pending default issue and did not issue before the parties settled in July.

Defendant argues that the hours billed on 6/23/2020 should be eliminated as counsel is well aware of how the Middle District of Florida uses fast track procedures for cases brought under the ADA, and the discovery requests for interrogatories, production, and admissions would end up unnecessary. (Id., pp. 8-9.) The Court agrees and will eliminate these hours. The entries on 7/10/2020, 7/20/2020, and 7/27/2020[12] are reasonable and will be permitted, as are the entries for August 8/4/2020, 8/5/2020, and 8/7/2020, which will also be permitted. The Court will slightly reduce the entry on 8/8/2020 to a total of .5, and the Court will allow the time on 8/10/2020. The Court will reduce the hours to .1 for the review of time records & e-mail to /oc re: same on 8/14/2020 because a duplicate review of time records is listed on 8/24/2020, and the Court will further reduce the time to 3 for the preparation of a motion for attorney's fees on 8/24/2020 in light of the "etc", which may have included clerical work in separating out duplicates for each of the three cases.

Applying the reduced hourly rate of $315 per hour to the reduced number of hours (13.5), the Court will award attorney's fees in the amount of $4,252.50.

---

[12] Defendants argue that this entry is excessive because the consent decrees were boilerplate and used in all three cases. The Court agrees, however the hours listed are reasonable to ensure that changes are made to differentiate between cases.

Plaintiff also seeks hours for the paralegal. Although counsel asserts the paralegal expended 1.6 hours, Doc. #25, p. 6, the billing records only reflect time for 1.0 hours, Doc. #25-2, p. 5. The paralegal set up the file (0.3), filed the case via CM/ECF (0.3), and prepared the motion for fees, including document collection collating and scanning (0.4). It is unclear if the "preparation" of the motion included activities beyond clerical tasks of collating and scanning. Filing the case electronically is clearly a clerical task. Therefore, the Court will allow 0.5 hours at a rate of $100 for the paralegal hours for a total of $50.00.

**3. Case 20-cv-201**

Mr. Cullen spent 22.5 hours on this case, and the paralegal spent 1.6 hours on the case. Defendant argues that the total attorney hours should be reduced to 7.3 hours for various reasons, and that the paralegal time should be eliminated entirely. (Doc. #29, p. 12.)

Applying the same reasoning as applied to the first and second cases above, the Court will eliminate the clerical entries on 3/14/2020 entirely, and on 3/11/2020[13] for review of executed authorization and prefiling PACER review, and also eliminate entirely the unserved discovery requests on 6/24/2020 as the ADA

---

[13] This date is out of order on the billing records. (Doc. #28-2.)

Fast-Track Scheduling Order (Doc. #17) issued on June 29, 2020, and stayed all discovery outside of court interrogatories. The Court will also eliminate the entry on 7/6/2020 as defendant did not file a response to the interrogatories. The Court will reduce the excessive hours for review of preliminary report to .3, the review of defendant's website to .2, the preparation of draft complaint to 1.0, the preparation of summons to .1, review of initial report & complaint & preparation of draft consent decree to 1.0, the review of defendant's Notice of Settlement to .1, the review of an e-mail from opposing counsel regarding settlement & attached documents to .4, the review of e-mail from opposing counsel "re: consent decree; review of consent decree" to .2, work on the motion for attorney's fees to 1.5, and the revision of the motion for attorney's fees to 1. An entry on 8/19/2020 was also eliminated as duplicative. The paralegal hours will be reduced for the same reasons as stated for the first case leaving a total of 0.3 hours.

Applying the reduced hourly rate of $315 per hour to the reduced number of hours (12.5), the Court will award attorney's fees in the amount of $3,937.50, and applying the reduced hourly rate of $100 per hour to the reduced number of hours (0.3), the Court will award paralegal fees in the amount of $30.00.

**IV. Amount of Costs and Expenses**

Plaintiff, as a prevailing party, "should be allowed" an award of costs other than attorney's fees under Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(1). The ADA allows for recovery of costs as well as litigation expenses under 42 U.S.C. § 12205.

**1. Taxable Costs**

"[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441 (1987). Section 1920 provides that the Court may tax as costs the "Fees of the clerk and marshal". 28 U.S.C. § 1920. Defendants do not object to plaintiff's request for $465.00 in taxable costs for the filing fee and service of process in any of the three cases. This amount will be granted for each of the cases.

**2. Expenses**

Plaintiff seeks $650 for expenses associated with hiring Daniel Pezza, the ADA Accessibility Initial Investigator who provided a re-investigation report. (Motion, "Exbibits".) Defendants note that the report is addressed to attorney Thomas Bacon, and therefore the expense may have been incurred by another attorney and should not be reimbursed. The billing records contain a Verification that the expense records were reviewed.

Regardless of who the report was addressed to, the expense was incurred by Mr. Cullen. That being said, the report was mostly a boilerplate copy and paste between the three cases and the expense would not have been in triplicate if the cases had been consolidated. The expenses will be awarded, but reduced to a total of $300 per case, or a total of $900 for all three reports.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. #24) in Case No. 2:20-cv-188 is **GRANTED in part and DENIED in part**. The Clerk shall enter judgment awarding reasonable attorney's fees in favor of plaintiff and against defendant in the amount of $3,055.50, plus paralegal fees in the amount of $30, taxable costs in the amount of $465, and a total of $300 in expenses.

2. Plaintiff's Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. #25) in Case No. 2:20-cv-190 is **GRANTED in part and DENIED in part**. The Clerk shall enter judgment awarding reasonable attorney's fees in favor of plaintiff and against defendant in the amount of $$4,252.50, plus paralegal fees in the amount of $50.00, taxable costs in the amount of $465.00, and a total of $300 in expenses.

3. Plaintiff's Verified Corrected Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (With Exhibits) (Doc. #28) in Case No. 2:20-cv-201 is **GRANTED in part and DENIED in part**.  The Clerk shall enter judgment awarding reasonable attorney's fees in favor of plaintiff and against defendant in the amount of $3,937.50, plus paralegal fees in the amount of $30, taxable costs in the amount of $465, and a total of $300 in expenses.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of January, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Sheri Polster Chappell
Hon. John Badalamenti
Counsel of Record